# CURRENT  OHIO·COURT .of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 335
### SCHWARTZ v. SIEGENTHALER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5146.  Decided May 9, 1924

**677.  JUDGMENTS—Court may on motion vacate or modify within term, but only within the limits of sound discretion.  Where no evidence was given at the hearing on a motion to vacate, error for court to vacate the judgment.**

LEVINE, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas in foreclosure wherein Minnie F. Siegenthaler was plaintiff and B. H. Schwartz and the Cleveland Yellow Cab Co. were defendants. Trial was had and on July 31, 1923, a decree was entered declaring that defendant Schwartz had a valid lien first in priority on the property of the Cab Co.  On Aug. 6, 1923, A. F. Waite and L. J. Lester filed a motion to vacate the judgment of July 31st.  Waite and Lester had given plaintiff Siegenthaler a mortgage on real estate owned by them as security for a loan to the Cab Co.

They declared that the debt of the Cab Co. to Schwartz had been fully paid and they prayed that the judgment herein might be vacated so that Siegenthaler might receive all the proceeds from the sale of the Cab Co.'s property and thus lessen the burden on them (Waite and Lester).  At the hearing on the motion, no evidence was given.  The attorneys for Waite and Lester asserted that the debt to Schwartz had been paid and Schwartz's attorney declared it had not been paid.  On Aug. 13th, the court vacated the judgment. Schwartz and the Cab Co. prosecuted error. Held, by the Court of Appeals:

A court of general jurisdiction such as the Common Pleas, has control of its own orders and judgments during the term at which they are rendered, which control may be exercised within the sphere of sound discretion, as an inherent right founded a common law.  102 OS. 120.

11637 GC. relates to the vacation and modification of judgments after the term in which they were made, and does not limit the control of the court over its judgment during the term.

But the power must be exercised with "a sound discretion".  Here there were no circumstances upon which the exercise of a sound discretion could have been founded.

The court had before it a valid decree and there was nothing before the court on hearing of the motion to indicate that any injustice had been done.  The act of the court in granting the motion was an abuse of discretion. Judgment reversed and cause remanded.

Attorneys—Stern, Rocker & Schwartz, for Schwartz and the Cab Co.; Boyd, Cannon, Brooks & Wickham, for Siegenthaler; all of Cleveland.